**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 10-00055 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER RE:** |
| vs. | ) | **MOTION FOR JUDGMENT** |
| | ) | **OF ACQUITTAL** |
| JACOB V. MANIBUSAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the Defendant Jacob V. Manibusan's Motion for
Judgment of Acquittal, or In the Alternative, Motion for Mistrial and Order Barring Retrial. *See*
ECF No. 153. The Defendant contends that he did not receive a fair trial because of
prosecutorial misconduct. The court disagrees and, for the following reasons, **DENIES** the
Defendant's Motions.

### I. BACKGROUND

**A. Factual Background**

On or about February 23, 2011, the Defendant was indicted on two counts of Financial
Institution Fraud (Counts I and II) and two counts of False Statement to Federal Credit Union
(Counts III and IV), in violation of 18 U.S.C. §§ 1344 and 1014, respectively. *See* Second
Superseding Indictment, ECF No. 39. All counts related to Defendant's alleged false statements
and representations to Navy Federal Credit Union ("NFCU") concerning his employment.

**B. Relevant Procedural History**

Prior to the start of the trial, the Government filed a motion in limine to preclude the

Defendant from introducing Exhibit "D"[1] into evidence and "from offering evidence and argument, or asking any questions designed to elicit testimony, that on or about March 3, 2011, the defendant paid $6,589.69 in satisfaction of an outstanding Navy Federal Credit Union loan in the principal amount of $12,500." *See* Pl.'s Mot., ECF No. 63, p.1:21-23. The Defendant had wanted to introduce the evidence to refute that he had an intention to defraud NFCU.

Initially, the court denied the Government's motion. *See* Min., ECF No. 71. However, when the Government sought further clarification of that ruling, the court requested further briefing. *See* Gov't's Mot., ECF No. 73. Ultimately the court granted the Government's motion. Relying upon the Ninth Circuit, the court found that repayment of the loan is no defense to the charges. "While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all." *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir.1986); *see also United States v. Treadwell* 593 F.3d 990, 997 (9th Cir. 2010) ("The intent to induce one's victim to give up his or her property on the basis of an intentional misrepresentation causes 'harm' by depriving the victim of the opportunity to weigh the true benefits and risks of the transaction, regardless of whether or not the victim will suffer the permanent loss of money or property.").

**C. Trial History**

The case proceeded to trial on July 11, 2011. At the close of the Government's case, the Defendant moved the court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). *See* Min., ECF No. 136. The court found that the evidence was sufficient to sustain convictions on the counts charged in the Second Superseding Indictment and denied the motion. At the close of all the evidence, Defendant renewed his motion, which this court also denied.

The case proceeded without incident, until the prosecutor made an improper comment

---

[1] Exhibit D was a letter confirming that the Defendant had repaid the loan made from Navy Federal Credit, which was the loan referred to in Count II.

during rebuttal closing regarding the status of the Defendant's loan. After the prosecutor made the comment, the court immediately recessed the case until the following day. *Id.* As a result of the comment, the Defendant moved the court for: sanctions against the prosecutor; dismissal of the case with and without prejudice and a mistrial because of prosecutorial misconduct. *See* Min., ECF No. 138. The court took the matters under advisement and continued the trial. On July 15, 2011, the jury returned a verdict finding Defendant guilty as to Count II– Financial Institution Fraud. *See* Verdict, ECF No. 142. The jury acquitted the Defendant on all of the other charges. *Id.*

## II. DISCUSSION

As noted, the Defendant now moves the court for a judgment of acquittal or in the alternative, a motion for mistrial and order barring retrial. *See* Def.'s Mot. ECF No. 153.

**A. Judgment of Acquittal**

After the return of a guilty verdict and upon motion of a defendant the court may set aside the verdict and enter an acquittal if the "evidence is insufficient to sustain a conviction. FED. R. CRIM. P. 29. To determine whether the evidence is sufficient to sustain a conviction, the court must "construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Furthermore, the jury's exclusive function is to "determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

In the present motion, the Defendant challenges the sufficiency of the evidence. *See* Def.'s Mot., ECF No. 153. He argues that there was insufficient evidence presented to the jury to prove he committed Financial Institution Fraud ("bank fraud") as stated in Count II of the Second Superseding Indictment:

On or about the dates set forth below, in the District Court of Guam, and elsewhere, for the purpose of executing, attempting to execute, and aiding and abetting, the scheme and artifice to defraud Navy Federal Credit Union ("NFCU"), and to obtain moneys, funds, and credits under the custody and control of the financial institution, by means of material false and fraudulent pretenses, representations and promises, the defendant JACOB V. MANIBUSAN, did knowingly and willfully obtain, attempt to obtain and cause to be obtained the following vehicle loans, each loan constituting a separate count:

**Count Date**                              **Vehicle Loan Transaction**

...

**II**          06/10/08          NFCU loan in the amount of $12,500

... in violation of Title 18, United States Code, Sections 1344 and 2.

*See* Superseding Indictment, ¶ 11, ECF No. 39.

In order for the Defendant to be found guilty of that charge at trial, the court instructed the jury that the government had to show beyond a reasonable doubt, that: (1) defendant knowingly carried out a scheme or plan to obtain money or property from NFCU by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) defendant acted with intent to defraud; and (5) NFCU was federally insured. *See* Ct.s'Inst. No. 14, ECF No. 137.

The court defined "intent to defraud" to mean "an intent to deceive or cheat." *Id.*, No. 16. The court also instructed the jury that the definition of "knowingly" means "[a]n act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider the evidence of the defendant's words, acts, omissions, along with all the other evidence, in deciding whether the defendant acted knowingly." *Id.*, No. 21.

In the context of presenting a false statement, the Defendant claims that there was insufficient evidence supporting a finding that the statement made was material in influencing NFCU to part with money. *See* Def.'s Mot., ECF No. 153. Since he was acquitted on the two false statement counts, the only remaining false statement the jury could have found he made

concerned the Government's Exhibit 4 which contained an averment that the car loan was to be used for the purchase of a Nissan Versa 4-door, 4-cylinder sedan with vehicle identification number 3N1BT13E77635182. At trial, the evidence adduced proved the loan was used to purchase a Nissan 240sx. However, there was no evidence presented to the jury that showed the false statement of the Nissan Versa and incorrect vehicle number was material to NFCU's decision making.

The court first reviews the Defendant's claim that insufficient evidence supported the finding of materiality by viewing the evidence in the light most favorable to the Government. *United States v. Goode*, 814. F.2d 1353, 1355 (9th Cir. 1987).

The jury heard evidence that the Defendant told U.S. Secret Service agents, including witness William Chan, that he had applied for a $25,000 vehicle loan with NFCU in June 2008 and the loan was denied. The defendant subsequently re-applied telephonically for another vehicle loan which was approved in the amount of $12,500.

NFCU witnesses Laura Craine, Juanita Murphy, Charles Gardiner and Rhonda Deraco testified and they introduced and admitted NFCU business record exhibits which included NFCU computer-generated loan records for the $12,500 loan application, loan history information, and NFCU draft in amount of $12,500 (Government Exhibits 3a, 3w, and 4, respectively). Ms. Craine testified that she worked at the institution's Winchester Call Center in Virginia and the employment information reflected that Jacob Manibusan worked for Coca-Cola Bottling Company for more than three years, and he earned a $2,080 total monthly income.

Lori Kamminga from Coca-Cola testified that the company had not employed an individual by the name of Jacob V. Manibusan. Mary Angoco from Pepsi Cola Bottling Company of Guam confirmed that the defendant began working for Pepsi on March 31, 2008 and did not earn over $2,000 in monthly income. Moreover, NFCU business records did not reflect any Pepsi-related employment information.

Ms. Murphy testified that she reviewed the employment information which was material prior to deciding whether to approve the loan for a lower amount. Ms. Deraco testified that

NFCU $12,500 draft, Government Exhibit 4, was negotiated for cash at the branch, and the borrower signed the "Promissory Note Instrument" portion on the back side of the check. Government's Exhibit 4 contains an averment that the car loan was to be used for the purchase of a Nissan Versa 4-door, 4-cylinder sedan with vehicle identification number 3N1BT13E77635182.

Witness Kenneth Lujan testified that he went with the Defendant to NFCU Guam Branch in June 2008, and the Defendant signed the front side and endorsement side of NFCU draft in the amount of $12,500, and Kenneth Lujan cashed NFCU draft or check for him.

Viewing the evidence in the light most favorable to the Government, a rational trier of fact could find beyond a reasonable doubt that the Defendant lied to NFCU about his employment in order to obtain a $12,500 loan for a car which was not purchased. "It is the exclusive function of the jury to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir. 1977).

It may be difficult for the Defendant to reconcile the inconsistent verdicts since he was acquitted of the false statement counts, but found guilty of one count of bank fraud.[2] However, "each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States*, 284 U.S. 390, 393 (1932). It is well settled that inconsistency is not a sufficient ground on which to attack a guilty verdict. *United States v. Powell*, 469 U.S. 57, 68-69 (1984). The policy consideration underlying this rule is that a jury may acquit on some counts and convict on others not because they are unconvinced of guilt, but because of compassion or compromise. *Dunn*, 284 U.S. at 393. Here, the jury found there was sufficient evidence to support a conviction as to Count II. This court is not prepared to undo that factual determination. *See Burks v. United States,* 437 U.S. 1, 16 (1978) ("Even the trial court, which has heard the

---

[2] What the defendant apparently is arguing that it is not so much the sufficiency of the evidence as the fact that he was acquitted on counts one, three and four, but found guilty on count two, resulting in inconsistent verdicts.

testimony of witnesses first hand, is not to weigh the testimony or assess the credibility of witnesses when it judges the merits of a motion for acquittal.").

**B. Prosecutorial Misconduct.[3]**

The Defendant argues that the prosecutor's reference to the Defendant having stolen money and "keeping it" during rebuttal argument was misconduct. *See United States v. Yarbrough*, 852 F.2d 1522, 1538 (9th Cir. 1988) (defendant bears the burden of establishing prosecutorial misconduct). A claim of prosecutorial misconduct is viewed in the entire context of trial. *United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir.1987). Reversal for a new trial is justified only when the misconduct denies the defendant a fair trial. *Id.* at 1300-01. "A prosecutor's improper closing argument is not grounds for reversal unless it rises to the level of plain error." *United States v. Lopez*, 803 F.2d 969, 972 (9th Cir.1986).

In the Defendant's attorney's closing argument, counsel argued that the Defendant was not guilty because NFCU had no signed formal promissory note from him, and, there was no evidence that he took part in the charged crimes. Counsel argued that Defendant's sister-in-law was the responsible person.

Presumably, in response to defense counsel's argument that the Defendant played no role in the charged crimes, the prosecutor stated in her rebuttal:

> Did any of the elements require the government prove that there had to be a signed loan application? We just had to prove that the defendant obtained money through fraud and deceit. The defense makes such a big deal about there not being a signed promissory note, but there was. Government Exhibit 4, when the defendant picked up the cash - - before he picked up the cash, he signed that promissory note. The defendant makes a big deal about not signing all these other Navy Fed correspondence.
>
> Membership application; is that an excuse if you steal money? You can keep the

---

[3] The Defendant moved the court to formally sanction the prosecutor. However, the court finds that counsel's actions were not intentional and that she likely got carried away during argument. In addition, the court sanctioned Government counsel during the trial by interrupting her rebuttal argument and refusing to allow her to make any further argument. Accordingly, there will be no other sanction imposed. In the future, however, counsel should be careful to harness her arguments in accord with court orders.

money because some loan - - some form is not signed?

(July 13, 2011 Audio Tr. 11:31 to 11:32).

As discussed previously herein, prior to the trial starting, this court had ruled in the Government's favor that there would be no mention of the status of the loan in terms of repayment. The court found the prosecutor's comments about "stealing" and "keeping the money" ran afoul of that prior order.

However, the court does not find that the prosecutor's statements during her rebuttal rose to the level required to grant a new trial. "Every slight excess of a prosecutor does not require that a verdict be overturned and a new trial ordered." *Yarbrough*, 852 F.2d at 1539. "'It is not enough that the prosecutor's remarks were undesirable or even universally condemned. . . . [t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Even if the prosecutor's argument amounted to misconduct, the court took action to ameliorate any possible taint. *See United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) ("A judge's prompt corrective action in response to improper comments usually is sufficient to cure any problems arising from . . . improper comments."). The court halted further rebuttal argument and admonished the jury as follows:

> Ladies and Gentlemen of the jury you have heard argument from the United States' Assistant Attorney that was in violation of this court's prior order. The court had previously ordered counsel to not discuss the issue of whether payments were made on the loan. It was improper for the Government to state that the Defendant stole the money and kept it. In fact, the Defendant entered into an agreement with Navy Federal Credit Union and settled the loan.

*See* Min., Attch. Ct.'s Instr. 1., ECF No. 138.[4]

---

[4]The court finds that this instruction was prejudicial to the Government. The jury could have easily considered that there was no crime committed since the Defendant settled the loan. The court understood that such an instruction could lead to an acquittal but in light of the prosecutor's misconduct, the court endeavored to strike a balance between the parties' respective interests and the Defendant's right to a fair trial.

This court later instructed the jury to base its decision solely on the evidence presented and reminded it that "[q]uestions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses." *See* Ct.'s Instr. No. 6, ECF No. 137. Here, the Defendant cites to nothing in the record suggesting the jurors did not follow the court's admonitions and instructions. *See United States v. Padilla*, 639 F.3d 892, 897 (9th Cir. 2011) ("The significance of the sworn jury is well established. When a jury is sworn, it is entrusted with the obligation to apply the law, and we in turn presume that juries follow instructions given to them throughout the course of the trial.").

The Defendant contends that "no curative instruction would disinfect the contamination brought by the prosecutor's flagrant disregard for this court's order." Def.'s Mot., ECF No. 153, p. 8:6-7. However, the fact that the jury acquitted the Defendant of three other charges demonstrates that it was capable of objective review. Furthermore, the evidence supported a guilty verdict. The Government provided evidence that the Defendant or someone on his behalf submitted fraudulent loan documents containing a false employment history to NFCU. Accordingly, the court finds that any alleged misconduct did not so infect the trial with unfairness as to make the resulting conviction a denial of due process.

**C. Order for Mistrial**

The Defendant alternatively moves the court for a mistrial under Rule 26.3 of Federal Rule of Criminal Procedure and a bar to a retrial. Rule 26.3 provides "[b]efore ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." FED. R. CRIM. P. 26.3. Procedurally the Defendant's request is improper and this court is without authority to consider such a request.

In a recent Ninth Circuit opinion, *United States v. Alvarez-Moreno*, No. 10-10045, 2011 WL 4069170 (9th Cir. Sept. 13, 2011), the court of appeals held that implicit in Rule 26.3 is a requirement that a mistrial be declared only before a verdict is rendered or a judgment entered.

Moreover, the requirement that a mistrial be declared only if there is 'manifest

necessity' necessarily assumes that such a declaration may come only before the conviction. Permitting the court to declare a mistrial *after* the conviction has been determined would violate traditional waiver principles and circumvent the Federal Rules of Criminal Procedure.

*Id.,* 2011 WL 4069170, at * 3.

In this instance, the jury has rendered a verdict in this case. Since the Defendant is moving for a mistrial under Rule 26.3, this court is without authority to consider the request. Moreover, even if a motion under Rule 26.3 was proper, this court still denies Defendant's request for a mistrial for the reasons stated previously.

### III. CONCLUSION

The court finds that the Government presented evidence sufficient to support a jury's guilty verdict on Count II - Financial Institution Fraud. Accordingly, the court **DENIES** the Defendant's motions as set forth herein.

**IT IS SO ORDERED**.



/s/ **Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Oct 24, 2011**